## (January 14, 1974)

■ DOROTHY M. FORDYCE, Respondent, v. ROBERT D. FORDYCE, Appellant. — On the court's own motion, its decision and order both dated October 1, 1973, are hereby recalled and vacated, and the following decision is substituted for said decision of October 1, 1973 (42 A D 2d 961): in an action in which a judgment was entered granting plaintiff a separation, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered October 2, 1972 and made after a hearing, as granted the branch of plaintiff's motion which was to punish defendant for contempt, fixed the arrears of alimony at $19,125, fined him said amount and made provision with respect to a reduction in the award of alimony to $150 a week (all the decretal paragraphs of the order except the sixth). Order affirmed insofar as it adjudged that the amount of the arrears of alimony was $19,125 and reduced the alimony award to $150 per week commencing as of September 15, 1972, without costs; plaintiff's motion to punish for contempt remanded to Special Term for a hearing *de novo* and a report solely on the question of the effectiveness of sequestration of defendant's property pursuant to section 245 of the Domestic Relations Law; and remainder of appeal held in abeyance in the interim. In our opinion, there was a failure to comply with section 245 of the Domestic Relations Law. The record fails to show that Special Term was presumptively satisfied that payment of the alimony arrears could not be enforced by sequestration of defendant's assets (*Johanny* v. *Johanny*, 41 A D 2d 568). Martuscello, Acting P. J., Shapiro, Brennan, Benjamin and Munder, JJ., concur.

■ TRUDY DE BRODT, Respondent, v. MACEDA ROOFING CO., INC., Defendant, and STATE INSURANCE FUND, Appellant.— Order of the Supreme Court, Kings County, dated July 25, 1973, affirmed, without costs. Upon the argument of this appeal, respondent agreed that appellant's expert could be present when her expert would make the inspection of the rope and that the reports of the experts be exchanged. The examination and testing of the rope shall proceed at the place directed in the order under review at a time to be specified in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as may be agreed by the parties. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.